UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FORGE FABRICATION SERVICES, LLC, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12393** |
| **KEITH PORTA, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Deposit Funds into the Registry of the Court.[1] Plaintiffs oppose the motion.[2] Defendants filed a reply.[3] For the following reasons, Defendants' motion is **DENIED**.

## BACKGROUND

This is an action between Plaintiffs Forge Fabrication Services, L.L.C., Nineteen Eleven, L.L.C., and David O'Reilly ("Forge") and their former business partners, Defendants Keith O. Porta and APC Construction, L.L.C. ("Porta"). On June 26, 2019, the parties entered into a Membership Interest Redemption Agreement (MIRA) to terminate their business relationship.[4] As part of that agreement, Porta is contractually obligated to pay $9,000.00 each month to Forge to repay a $561,048.72 promissory note.[5] Two months after entering into the MIRA, on August 30, 2019, Forge filed a complaint in this Court alleging Porta has committed a number of fraudulent business practices.[6] Forge seeks recovery from Porta based on: (1) violations of the Computer Fraud and Abuse Act,

---

[1] R. Doc. 11.
[2] R. Doc. 13.
[3] R. Doc. 16.
[4] R. Doc. 1 ¶ 24; R. Doc. 9, at 20.
[5] R. Doc. 1 ¶ 25; R. Doc. 9, at 21.
[6] R. Doc. 1, ¶ 1.

1

(2) breach of contract, (3) breach of fiduciary duty, (4) violation of the Louisiana Unfair Trade Practices Act, (5) tortious interference with a contract, and (6) fraud.[7] Porta denies these allegations and brings counterclaims against Forge seeking damages, penalties, and attorney's fees based on Forge's alleged breach of the parties' agreements and for maliciously causing Porta damage.[8] In its counterclaim, Porta also seeks declaratory and injunctive relief from the Court to enforce the terms of the MIRA.[9]

On October 15, 2019, Porta filed the instant Motion to Deposit Funds into the Registry of the Court Pursuant to Rule 67.[10] Porta contends the Court should permit them to deposit into the registry of the Court the forthcoming $9,000 per month contractual payments due to Forge under the MIRA.[11] Porta argues they may ultimately receive money damages in a final judgment as a result of their counterclaim, and the deposited funds could be used to satisfy that judgment.[12] Forge argues Porta should not be allowed to deposit the payments into the Court's registry because Rule 67 does not apply to this case.[13]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 67 provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

---

[7] R. Doc. 1, at 12–20.
[8] R. Doc. 9.
[9] *Id.* at 33–34.
[10] R. Doc. 11
[11] R. Doc. 11-1.
[12] *Id.*
[13] R. Doc. 13.

Rule 67's purpose is "to relieve the depositor of responsibility for the money or thing in dispute while the parties litigate their differences with respect to the res."[14] If a sum of money owed is not in dispute, Rule 67 is not applicable.[15] Rule 67 is not a means for a Defendant to avoid paying an indisputably owed obligation.[16] The application of Rule 67 is within the discretion of the trial court.[17]

An outstanding counterclaim typically is not sufficient to put a sum of money "in dispute" such that Rule 37 should apply. For example, in *Dinkins v. General Aniline & Film Corp.*, the plaintiff brought an action against his employer for tortious interference with a contract between the plaintiff and a third party.[18] The employer filed a counterclaim and sought leave to deposit the money it owed the employee under their employment contract into the Court's registry pending the resolution of their counterclaim.[19] The District Court for the Southern District of New York held Rule 67 did not apply to that case because applying it would "deprive plaintiff of the use of the money pending the final determination of this action, and "[t]here is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a defendant an opportunity to deprive a plaintiff both of the benefits of his contract and of a right of action for its breach."[20] The District Court for the Southern District of Texas has relied on *Dinkins*, to hold that allowing a party to deposit payments it indisputably

---

[14] *In re Craig's Stores of Texas, Inc.*, 402 F.3d 522, 530 (5th Cir. 2005).
[15] *Berry v. Chase Home Finance, LLC*, No. 09-116, 2010 WL 582550 (S.D. Tex. Feb. 12, 2010) (denying the application of Rule 67 in a case in which the underlying contracts' validity was not in dispute).
[16] *Berry*, 2010 WL 582550, at *3; *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp. 281 (S.D.N.Y. 1963).
[17] *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990).
[18] 214 F. Supp. 281 (S.D.N.Y. 1963).
[19] *Id.*
[20] *Id.* at 283.

owes the other party into the registry of the Court "would unfairly deprive" the opposing party of the use of its money and violate Rule 67's intended purpose.[21]

The Court finds Rule 67 does not apply to this case. The parties all agree the MIRA is in effect, and that, under the MIRA, Porta owes Forge the $9,000 per month that Porta seeks to deposit into the Court's registry.[22] Porta's only claim to any money from Forge is a counterclaim, not a dispute over the $9,000 owed under the MIRA. As a result, granting Porta's motion would contravene Rule 67's main purpose of depositing money "in dispute" and would allow Porta to avoid paying an indisputably owed obligation. As the Court in *Dinkins* held, "[t]here is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a defendant an opportunity to deprive a plaintiff [] of the benefits of his contract."[23] Accordingly, the Court finds Rule 67 does not apply in this case.

## CONCLUSION

For the forgoing reasons, Defendants' Motion to Deposit Funds into the Registry of the Court[24] is **DENIED**.

**New Orleans, Louisiana, this 22nd day of November, 2019.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[21] *Berry*, 2010 WL 582550, at *3.
[22] R. Doc. 13, at 5; R. Doc. 9, at 21, 33–34.
[23] 214 F. Supp. at 283.
[24] R. Doc. 11.